Filed 2/16/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD KEITH GARNER,<br><br>    Defendant and Appellant. | C079865<br><br>(Super. Ct. No. 62094750) |

APPEAL from a judgment of the Superior Court of Placer County, Colleen Nichols, Judge.  Affirmed as modified.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Ivan P. Marrs, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Donald Keith Garner, who had received a third strike sentence based on the commission of knowing receipt of stolen property (Pen. Code, § 496, subd. (a)),[1] unsuccessfully filed a Proposition 47 (the Safe Neighborhoods and Schools Act of 2014) petition to reduce his conviction to a misdemeanor, a petition denied after a hearing upon proof the property was worth over $950. However, the People advised the trial court that defendant was eligible for resentencing under Proposition 36 (the Three Strikes Reform Act of 2012), and conceded defendant posed no risk of danger to public safety, and therefore that he was entitled to resentencing under that act. The trial court granted defendant relief under Proposition 36, but resentenced him on all charges that had been pending against him including prior prison term enhancements (§ 667.5, subd. (b)), which purportedly had been stricken during the original sentencing proceeding in light of the third strike life sentence.

On appeal, defendant contends the trial court, in recalculating his sentence, was limited to resentencing on the base offense, and could not impose any sentence for the previously stricken prison term enhancements. As we will explain, we disagree and affirm. We do, however, agree with both parties that defendant is entitled to custody credits earned in prison prior to resentencing. We will modify the judgment to award defendant the credits the parties agree he has earned.

**PROCEDURAL BACKGROUND**

As recounted in our prior unpublished opinion, "Pursuant to a plea bargain, defendant . . . pleaded no contest to a charge of receiving stolen property ([§] 496, subd. (a)) and admitted three prior prison terms and four prior 'strike' convictions (under the three strikes law), in exchange for dismissal of the remaining charges (commercial burglary, petty theft with priors, and marijuana possession)." (*People v. Garner* (Oct. 4,

---

[1] Further undesignated statutory references are to the Penal Code.

2

2013, C070240) [nonpub. opn.] p. 1.)  The bargain also contemplated that the People would not file a new charge "for a [section] 136.1 offense that he . . . had been booked on recently and that has been under review by the People."  The trial court (Nichols, J.) struck one strike, imposed a three strikes sentence of 25 years to life, and struck the punishment for each of three prior prison term allegations.

We emphasize that, contrary to repeated assertions in defendant's briefing, the trial court did not strike the true findings on those three prison term allegations, but struck only the punishment therefor, which was a statutorily permitted method of handling them. (See § 1385, subd. (c)(1).)[2]

After the passage of Proposition 36, defendant petitioned for resentencing on the ground that knowing receipt of stolen property no longer triggered a three strikes sentence, and the trial court should instead merely double whatever base term it selected. After the passage of Proposition 47, defendant petitioned to reduce his offense to a misdemeanor.  The People opposed this petition, alleging the stolen property was worth over $950, therefore the offense remained a felony.

After a hearing, the trial court (Curry, J.) determined the value of the property exceeded $950, and denied the Proposition 47 petition.

The People then filed a request for resentencing in accordance with Proposition 36, conceding defendant did not pose a risk to public safety, despite his strikes, which were remote in time, and after a review of his in-prison conduct, which reflected substantial rehabilitative efforts while incarcerated.  The People proposed a nine-year term, consisting of the upper base sentence of three years, doubled to six years pursuant to the three strikes law as modified by Proposition 36, and enhanced by one year for each of the three prior prison term allegations.

---

[2]  We take judicial notice of the records in defendant's prior appeal, which eliminates any arguable ambiguity in the present record about what the trial court did originally.

3

Initially, defendant did not dispute the viability of the three prior prison term allegations, but sought a midterm base sentence of two years, doubled to four years under the three strikes law, plus one year for each prior prison term, for a total of seven years. However, before the hearing on the Proposition 36 petition, defendant filed a brief contending that because the prior prison terms had been "stricken for this case" they could not be imposed. The People opposed this new claim.

The trial court (Nichols, J.) agreed with the People's view that it retained discretion over all aspects of defendant's sentence, including whether to impose or strike the previously stricken prior prison term enhancements. The trial court imposed the upper base term of three years, doubled to six years under the three strikes law, and added three years, one for each of the three prior prison term allegations defendant had previously admitted, for a total new sentence of nine years in state prison.

Defendant timely filed a notice of appeal.

## DISCUSSION

### I

*Sentencing on the Prior Prison Term Enhancements*

Defendant contends the trial court, in recalculating his sentence, was limited to resentencing on the base offense, and could not impose any sentence for the previously stricken prison term enhancements. We disagree.

First, as stated earlier, the trial court never struck the prison term enhancements, but merely struck the punishment therefor. Second, in considering the appropriate new sentence, the trial court properly reconsidered all the charges against defendant.

Proposition 36 requires the trial court, absent a finding of dangerousness, to resentence the defendant "pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (f).) The referenced subdivisions each read very similarly, as follows:

4

"For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has one or more prior serious and/or violent felony convictions:  [¶] (1) If a defendant has one prior serious and/or violent conviction . . . the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction."  (§ 667, subd. (e).)  "For purposes of this section, and in addition to any other enhancements or punishment provisions which may apply, the following shall apply where a defendant has one or more prior serious and/or violent felony convictions:  [¶] (1)  If a defendant has one prior serious and/or violent felony conviction . . . the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction."  (§ 1170.12, subd. (c).)

Defendant contends that because Proposition 36 refers to *subdivision (1)* of each of the relevant portions of the original three strikes law, the preceding language--"in addition to any other enhancement or punishment provisions which may apply"--has no application, and that the law permits *only* a doubling of the base term.  The People contend that, reading the relevant language of Proposition 36 in context, the initiative was designed to provide a doubling of the base term independent of any other possible punishment, such as for prior prison term enhancements.  We agree with the People.

When a sentence is subject to "recall" under section 1170, subdivision (d), the entire sentence may be reconsidered.  A case so holding reasoned that this was true because:  "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme.  Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices.  [Citations.]  This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme."  (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; see *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1257-1258.)

5

Proposition 36, too, provides for a "recall of sentence" upon a timely petition. (§ 1170.126, subd. (b).) We see no reason why a "recall" of sentence under Proposition 36 should not be treated as akin to a "recall" of sentence under section 1170, subdivision (d). Presumably, the voters were aware of the meaning of the term "recall" as used in criminal sentencing, and of judicial decisions applying that term. (See, e.g., *Estate of McDill* (1975) 14 Cal.3d 831, 837-839.) By filing his Proposition 36 petition, defendant expressed a desire to receive less than a life sentence, undermining the basis for the trial court's prior exercise of lenity. He cannot do that and at the same time prevent the trial court from exercising discretion to reconsider all other aspects of the sentence.[3]

II

*Incorrect Credit Award*

The parties agree, as do we, that judgment must include a custody credit award that includes time spent in prison prior to the resentencing hearing leading to this appeal. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 37; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.) The People do not contest defendant's math, which shows defendant is entitled to an award of 1,201 days of presentence credit and 1,287 days of credit for the time spent in prison before resentencing, for a total of 2,488 days of custody credit.

We modify the judgment (§ 1260) to award defendant a total of 2,488 days of custody credit and will direct the trial court to prepare an amended abstract of judgment consistent with this modification.

---

[3] This is not like a case where a later sentence is greater than a previously imposed lawful sentence. (Cf. *People v. Bean* (1989) 213 Cal.App.3d 639, 645-646 [improper to impose greater sentence after appeal, except where original sentence was unauthorized]; see § 1170.126, subd. (h).) Defendant's new term is shorter than his prior term, as his new term is determinate.

## DISPOSITION

The judgment is modified to award defendant a total of 2,488 days of custody credit and is otherwise affirmed.  The trial court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Duarte, J.



We concur:



　　/s/
Blease, Acting P. J.



　　/s/
Butz, J.