Filed 8/24/18; Certified for Publication 9/11/18 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082799 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F00664) |
| v. | |
| SIDNEY SCOTT HUBBARD, | |
| Defendant and Appellant. | |

Defendant Sidney Scott Hubbard, a three strikes prisoner who was serving an indeterminate life sentence, successfully filed a petition for resentencing under Proposition 36.  (Pen. Code, § 1170.126.)[1]  On appeal, he contends the trial court erred in

---

[1] Undesignated statutory references are to the Penal Code.

1

resentencing him because it improperly refused to consider all aspects of his sentence, including exercising its discretion under section 1385. Defendant further argues we should remand the matter for consideration of concurrent sentences and the application of section 654. We will vacate the sentence and remand the matter to the trial court for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant received a third strike sentence in 1996, based on the commission of attempted robbery (Pen. Code, §§ 664, 211) and reckless evasion of a police pursuit (Veh. Code, § 2800.2), with enhancements for five prior strikes (Pen. Code, § 667, subds. (b)-(i)) and two prior prison terms (Pen. Code, § 667.5, subd. (b)). (*People v. Hubbard* (Nov. 19, 2015, C073340) [nonpub. opn.]; *People v. Hubbard* (Jan. 12, 1999, C025306) [nonpub. opn.].) We affirmed his conviction in 1999. (*People v. Hubbard*, *supra*, C025306.)

In 2012, the trial court denied defendant's petition for relief under section 1170.126 because one of his two commitments was a disqualifying serious and violent felony, and he appealed. (*People v. Hubbard*, *supra*, C073340.) In 2014, we affirmed, but our Supreme Court granted review. (*Ibid.*) Upon deciding *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), our Supreme Court remanded the matter to this court. (*People v. Hubbard*, *supra*, C073340.) In November 2015, we reversed the order denying the petition for recall of sentence for the reckless evasion conviction and remanded the matter to the trial court to "determine if defendant presents an unreasonable risk of danger to the public if resentenced." (*Ibid.*)

On remand, defendant filed a request for discretionary relief under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, arguing that he had achieved many good deeds in prison over the past 20 years. The prosecution conceded defendant was not an unreasonable risk to public safety and not ineligible for

2

resentencing on the reckless evasion count. However, the prosecution opposed the *Romero* motion, arguing it was previously heard and denied by the trial court, and defendant had failed to point to any error. In addition, there could be no resentencing on the attempted robbery count or consideration of the strikes because, "[t]hat was not sent back on remittitur from the [Court of Appeal]." Defendant argued the trial court had jurisdiction to reconsider all of the sentencing choices.

In July 2016, the trial court agreed defendant was eligible for resentencing on the reckless evasion charge but concluded it lacked jurisdiction to consider or otherwise resentence defendant with respect to the strike convictions for the attempted robbery charge, based on the limited direction from this court on remand. The trial court sentenced defendant to a consecutive indeterminate term of 25 years to life for the attempted robbery, and for the reckless evasion, a separate upper term of three years, doubled to six years due to the strike, plus five years for the prior serious conviction, plus one year for the prior prison term (totaling 12 years).

In August 2016, defendant requested resentencing, arguing the full upper consecutive term for the reckless evasion conviction was unlawful under section 1170.1. Defendant also argued he was entitled to additional custody credits. The trial court granted defendant additional custody credits but otherwise denied defendant's motion.

Defendant filed a timely appeal.

**DISCUSSION**

Relying on *People v. Garner* (2016) 244 Cal.App.4th 1113 (*Garner*), defendant contends the trial court should have considered "all aspects" of his sentence during the resentencing hearing. According to defendant, the trial court should have considered exercising its discretion under section 1385, whether concurrent sentences were appropriate, and the application of section 654. The People disagree, relying on *Johnson*,

3

*supra*, 61 Cal.4th at page 688 for the proposition that section 1170.126's resentencing provisions apply on a count-by-count basis. We agree with defendant and will remand the matter for resentencing.

In *Garner*, the defendant was convicted of receiving stolen property and admitted three prior prison terms and four strikes. (*Garner, supra*, 244 Cal.App.4th at p. 1115.) The trial court originally imposed a sentence of 25 years to life for the receipt of stolen property conviction and struck one strike and the punishment for the prior prison terms.[2] (*Id.* at pp. 1115-1116.) The defendant successfully petitioned for recall of sentence under Proposition 36. (*Garner*, at p. 1116.) After finding that it retained discretion over all aspects of defendant's sentence, the trial court imposed a six-year term for the receipt of stolen property conviction and three consecutive one-year terms for the prior prison terms. (*Ibid.*) On appeal, we affirmed the trial court's decision, reasoning that a "recall" of sentence under Proposition 36 must be treated the same as a recall of sentence under section 1170, subdivision (d). (*Garner*, at p. 1118.) As we explained, " '[w]hen a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.' " (*Ibid.*; see *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1257-1258 [the " 'trial court is entitled to consider the entire sentencing scheme,' " upon a remand for resentencing, given the " 'interlocking nature' " and "inherently integrated nature" of felony sentencing for a multiple-count conviction].) This "full resentencing rule" as applied by *Garner* was recently cited with approval by our Supreme Court in *People v.*

---

[2] The trial court struck only the punishment on the prior prison term allegations, not the true findings. (*Garner, supra*, 244 Cal.App.4th at p. 1116.)

4

*Buycks* (2018) 5 Cal.5th 857, 893-895 in determining that, when a person is eligible for resentencing under section 1170.18, subdivision (a), the trial court must "resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction."

Our remand to the trial court directed the trial court to determine whether defendant was eligible for resentencing under section 1170.126. Even though defendant's eligibility for resentencing was based solely on the reckless evasion conviction, just as in *Garner*, once the trial court "recalled" his sentence under Proposition 36, the trial court was "entitled to consider the entire sentencing scheme." (*Garner*, *supra*, 244 Cal.App.4th at p. 1118.) Despite the People's contentions, *Johnson* does not change our analysis, since the court's limited holding addressed eligibility for resentencing, and did not purport to limit the trial court's well-settled ability to consider all aspects of the original sentence at resentencing. (*Johnson*, *supra*, 61 Cal.4th at p. 679 ["we hold . . . that the presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent"].)

## DISPOSITION

The sentence is vacated. The matter is remanded to the trial court to exercise its discretion in resentencing in accordance with this opinion. The trial court clerk is then directed to prepare a new abstract of judgment and to forward a certified copy of the

same to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


                                                 BUTZ            , Acting P. J.


We concur:


      DUARTE         , J.


      HOCH          , J.

Filed 9/11/18

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C082799 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F00664) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| SIDNEY SCOTT HUBBARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, David W. Abbott, Judge.  Affirmed in part and remanded with directions.

Deanna F. Lamb, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs, Stephen G. Herndon and Eric Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on August 24, 2018, was not certified for publication in the Official Reports.  For good cause it now appears that the

1

opinion should be published in full in the Official Reports and it is so ordered.


FOR THE COURT:


_____BUTZ_____, Acting P. J.


_____DUARTE_____, J.


_____HOCH_____, J.


2