Filed 11/3/20  P. v. Miles CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR LEEAUDRA MILES,<br><br>    Defendant and Appellant. | 2d Crim. No. B302041<br>(Super. Ct. No. NA047846)<br>(Los Angeles County) |

Hector Miles appeals from the trial court's denial of his petition for resentencing.  (Pen. Code,[1] § 1170.95.)  He contends the court erred when it summarily denied his petition without appointing counsel.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

After a six-month-long gang war, prosecutors charged Miles with three counts of murder (§ 187, subd. (a); counts 1, 5, & 6), four counts of attempted murder (§§ 664/187, subd. (a); counts 2, 3, 4, & 8), and one count of conspiracy to commit murder

---

[1] Unlabeled statutory references are to the Penal Code.

(§ 182, subd. (a); count 7).[2] (*People v. Miles* (Aug. 17, 2005, B173610) 2005 WL 1971253 at pp. *1-3 (*Miles*) [nonpub. opn.].) The information also included a multiple murder special circumstance allegation (§ 190.2, subd. (a)(3)), allegations that Miles committed his crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)), and various firearm allegations (§§ 12022, subd. (a)(1), 12022.53, subds. (b), (c), (d), & (e)). (*Id.* at p. *3.)

After the presentation of evidence, the trial court instructed the jury on first and second degree murder with malice aforethought. (See CALJIC Nos. 8.10, 8.11, 8.20, & 8.30.) These instructions told jurors that malice aforethought was required for a murder conviction. They differentiated between first and second degree murder by explaining that the former required premeditation and deliberation, while the latter did not.

The trial court also instructed the jury on aiding and abetting principles (see CALJIC No. 3.01), but did not provide instructions on the natural and probable consequences doctrine as it relates to aider and abettor liability (see CALJIC No. 3.02). The court did not provide any other instruction on the natural and probable consequences doctrine, nor did it instruct on felony murder. The verdict forms similarly did not reference felony murder or the natural and probable consequences as it relates to murder.

Jurors convicted Miles of the murder charged in count 5, deeming it second degree (§ 189, subd. (b)), and the

---

[2] We grant the Attorney General's unopposed request to take judicial notice of the record in Miles's previous appeal. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1116, fn. 2; see Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

conspiracy charged in count 7. (*Miles*, *supra*, 2005 WL 1971253 at p. *4.) They also found true the firearm allegation tied to count 5 and the gang allegations tied to both counts. (*Ibid*.) They acquitted Miles of the murder charged in count 6, and found not true the multiple murder special circumstance allegation. (*Ibid*.) They were unable to reach a verdict on all remaining counts, and the trial court declared a mistrial on those charges. (*Ibid*.)

After the presentation of evidence in Miles's second trial, the court provided the jury with the same instructions and verdict forms. Jurors convicted Miles of the murder charged in count 1, deeming it first degree (§ 189, subd. (a)), and the attempted murder charged in count 4. (*Miles*, *supra*, 2005 WL 1971253 at p. *4.) They also found true the multiple murder special circumstance allegation and the gang and firearm allegations. (*Ibid*.) They acquitted Miles of two of the remaining attempted murder charges, and deadlocked on the third, which the trial court dismissed in the interest of justice. (*Ibid*.)

The trial court sentenced Miles to consecutive terms of life in state prison without the possibility of parole on count 1, life with the possibility of parole on count 4, 15 years to life on count 5, and 25 years to life on count 7. (*Miles*, *supra*, 2005 WL 1971253 at p. *4.) It also imposed sentence enhancements on the gang and firearm allegations found true by the jury. (*Ibid*.)

In 2019, Miles petitioned the trial court to vacate his murder convictions and resentence him pursuant to section 1170.95. In his petition, Miles alleged that the information permitted prosecutors to proceed on a felony murder theory or natural and probable consequences theory, that he was convicted of murder under one of these theories, and that he could not be convicted of murder under the current versions of sections 188

3

and 189.  He also alleged that he was not the actual killer, did not act with the intent to kill, and was not a major participant in the underlying crime or did not act with reckless indifference to human life.  He requested appointment of counsel to assist him in the resentencing process.

The trial court summarily denied Miles's petition.  The court found that Miles was not convicted of felony murder or murder under a natural and probable consequences theory but was either the actual killer or a direct aider and abettor.  Section 1170.95 was thus inapplicable.

## DISCUSSION

### Section 1170.95 petition

Miles contends the trial court erred when it denied his section 1170.95 resentencing petition without appointing counsel.  We disagree.

In 2018, the Legislature enacted Senate Bill No. 1437 (S.B. 1437) to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish these goals, S.B. 1437 redefined "malice" in section 188, and narrowed the classes of persons liable for felony murder under section 189.  (Stats. 2018, ch. 1015, §§ 2-3.)  It also added section 1170.95 to the Penal Code, which permits those convicted of felony murder or murder under a natural and probable consequences theory to petition to have their murder convictions vacated and to be resentenced on any remaining counts.  (Stats. 2018, ch. 1015, § 4.)

4

A convicted defendant may petition for resentencing where the information allowed prosecutors to proceed under a felony murder theory or a natural and probable consequences theory, the defendant was convicted of murder, and the defendant could not now be convicted of murder under the amendments to sections 188 and 189. (§ 1170.95, subd. (a).) If the defendant files a petition declaring that they meet these requirements (*id.*, subd. (b)(1)(A)), the trial court undertakes a "two-step process" to determine whether they are eligible for relief (*People v. Offley* (2020) 48 Cal.App.5th 588, 596; see § 1170.95, subd. (c)). First, the court determines "whether the defendant has made a 'prima facie showing [that they] "fall within the provisions" of the statute.' [Citation.]" (*Offley*, at pp. 596-597, alterations omitted.) In making that determination, the court "may examine the record of conviction" (*id.* at p. 597), including the instructions provided to the jury at trial and any prior decision on appeal (*People v. Gomez* (2020) 52 Cal.App.5th 1, 16 (*Gomez*), review granted Oct. 14, 2020, S264033). If that examination reveals that the defendant does not fall within the provisions of section 1170.95 as a matter of law, the court may summarily deny the petition without appointing counsel.[3]

---

[3] Nearly all decisions published to date are in accord. (See *Gomez, supra,* 52 Cal.App.5th at pp. 15-16, review granted; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, fn. 10, review granted Sept. 23, 2020, S263939; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-902 (*Tarkington*), review granted Aug. 12, 2020, S263219; *People v. Lee* (2020) 49 Cal.App.5th 254, 262-263, review granted July 15, 2020, S262459; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-675, review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011; *People v. Verdugo* (2020)

(*Offley*, at p. 597.)  But if the examination instead reveals that the defendant may be eligible for relief, the court must proceed to the second step and appoint counsel to assist in subsequent proceedings.  (*Ibid.*)

The record of conviction here reveals that Miles was ineligible for section 1170.95 relief as a matter of law.  As to count 1, in our previous opinion we observed that Miles was convicted of first degree premeditated murder as an aider and abettor, and that he acted with the intent to kill.  (*Miles*, *supra*, 2005 WL 1971253 at p. *11, fn. 6.)  Miles does not challenge those observations here.  The trial court thus correctly concluded that he was ineligible for section 1170.95 resentencing on count 1.  (*Lewis*, *supra*, 43 Cal.App.5th at pp. 1138-1139 [defendant convicted of first degree premeditated murder as aider and abettor ineligible for section 1170.95 relief], review granted; see also Stats. 2018, ch. 1015, § 1, subd. (f) [S.B. 1437 relief not available to defendants who act with intent to kill].)

As to count 5, the record of conviction reveals that Miles was not convicted of second degree murder under a felony murder theory or the natural and probable consequences theory: At trial, the court provided jurors with no instructions related to either theory, but instead provided instructions only on murder with malice aforethought.  The verdict forms similarly did not reference felony murder or murder under the natural and probable consequences doctrine.  Miles was thus convicted of this

_____

44 Cal.App.5th 320, 327-333, review granted Mar. 18, 2020, S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1140 (*Lewis*), review granted Mar. 18, 2020, S260598.)  We disagree with *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, which adopted a contrary view.

murder either as the direct perpetrator or as an aider and abettor. As such, he was ineligible for section 1170.95 relief as a matter of law, as the court below correctly concluded. (*Tarkington*, *supra*, 49 Cal.App.5th at p. 899 [proper to summarily deny resentencing petition where jury not instructed on felony murder or natural and probable consequences doctrine], review granted.)

### *Abstract of judgment*

The Attorney General requests that we remand the case to the trial court with directions to correct the abstract of judgment. But the errors the Attorney General identifies were in the abstract produced prior to Miles's previous appeal. In our decision in that appeal, we modified Miles's sentence, ordered correction of some of the errors the Attorney General now identifies, and ordered the clerk of the court to prepare an amended abstract of judgment. The amended abstract is not included in the record in this appeal, nor has the Attorney General identified any errors with it. We thus have no occasion to order its correction.

### DISPOSITION

The trial court's order denying Miles's petition for resentencing pursuant to section 1170.95, entered September 4, 2019, is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.          PERREN, J.

7

Judith Levey Meyer, Judge

Superior Court County of Los Angeles

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.