Filed 1/14/25  P. v. Delgado CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063539 |
| v. | (Super. Ct. No. 95NF0229) |
| FELIX DELGADO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Felix Delgado appeals from the denial of his petition for recall and resentencing pursuant to Penal Code sections 1172.7 and 1172.75.[1] Delgado contends the trial court erred in concluding he was not entitled to relief because his prior prison term enhancements under former section 667.5, subdivision (b) (section 667.5(b)) were "either stayed or stricken at the time of sentencing." We agree with Delgado and reverse and remand for resentencing.

PROCEDURAL HISTORY

In November 1995, a jury found Delgado guilty of first degree burglary (§ 459; counts 1 & 3). The trial court found true two prior strike allegations (§§ 667, subds. (d) & (e)(2), 1170.12, subds. (b) & (c)(2)), two prior serious felony allegations (§ 667, subd. (a)), and two allegations that Delgado had served a prior prison term under former section 667.5(b).

In April 1996, the trial court sentenced Delgado to 25 years to life in state prison on count 1 plus four years consecutive on count 3 and 10 years for the two section 667, subdivision (a) serious felony enhancements. As to the two 1-year terms for the prior prison term enhancements, the 1996 abstract of judgment had an "S" in the columns following each enhancement indicating they were each "stayed or stricken." In September 1999, the court vacated the previous sentence and resentenced Delgado to the same sentence and struck the punishment on the prior prison term enhancements.

In November 2023, Delgado filed a petition for recall and resentencing alleging that his name appeared on the Senate Bill No. 483 (2021-2022 Reg. Sess.) list provided by the state Department of Corrections

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

and Rehabilitation and that he was eligible pursuant to sections 1172.7 and 1172.5 because the sentence for his former section 667.5(b) prior prison term enhancements were imposed and stayed. Later that month, a hearing was held at which time the petition was denied. The trial court found Delgado was ineligible for resentencing because the prior prison term enhancements had been stayed and not executed. Delgado filed a timely notice of appeal.

DISCUSSION

Effective January 1, 2022, section 1172.75 provides that certain one-year sentence enhancements for prior prison terms imposed under former section 667.5(b) are legally invalid and provides a mechanism for resentencing individuals serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).) The question before us in this appeal is whether section 1172.75 entitles a defendant to a full resentencing hearing if the defendant's prior prison term enhancements were stricken for the purposes of sentencing.

There is a split of authority on the issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49, [prison priors that were imposed but stayed are not entitled to relief under the statute], review granted Feb. 21, 2024, S283169, with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], review granted Feb. 21, 2024, S283189 (*Christianson*).)[2]

---

[2] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

Delgado argues the plain language of section 1172.75 does not limit its application to cases in which the enhancement was ordered to be executed. This position is consistent with the court's holding in *Christianson*. The Attorney General relies on *Rhodius*. He contends section 1172.75 as a whole established that the term "impose" means to "'impose and execute.'" Because the court struck the punishment on the prior prison term enhancements, Delgado is not eligible for relief. Both parties rely on the statutory language and interpretation for their conclusions. We agree the question is resolved by statutory interpretation.

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The Attorney General

4

argues the term "imposed," for purposes of section 1172.75, means imposed and executed, not imposed and stricken for purposes of punishment. He notes section 1172.75, subdivision (d)(1), states that resentencing "shall result in a lesser sentence than the one originally imposed." He asserts that when an "inert" enhancement is stricken, it cannot be said the result is a lesser sentence.

The issue of a lesser sentence was addressed in *Christianson*. The court reasoned that a stayed enhancement "result[s] in a lesser sentence" under section 1172.75, subdivision (d)(1), because "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. [Citation.]" (*Christianson, supra*, 97 Cal.App.5th at p. 312, rev.gr.)

Here, the trial court struck the punishment for the enhancements, but the enhancements remained part of the judgment. As part of the judgment, the stricken punishment for the enhancements could be revived upon resentencing consideration. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 [at resentencing hearing under the Three Strikes Reform Act of 2012, trial court properly reimposed previously stricken former § 667.5(b) enhancements].)

Returning to the statutory language, section 1172.75, subdivision (b) directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement [and] provide [their information] to the sentencing court that imposed the enhancement." This provision does not limit the obligation to identify only those defendants who

5

are actually serving a sentence for the enhancement. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been both imposed and executed as the Attorney General argues. As the court in *Christianson* stated, if the Legislature had intended to limit section 1172.75 to only those individuals that were currently serving an additional term based on the enhancement, it had the ability to do so. (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

The Attorney General contends *Gonzalez, supra*, 43 Cal.4th at page 1126 supports his position. We agree with the *Christianson* court that *Gonzalez* is not controlling. There, our Supreme Court recognized the term "imposed" could encompass enhancements that were imposed and executed and enhancements that were imposed and stayed, but stated, "'[A]s a practical matter, the word "impose" is often employed as shorthand to refer to the first situation . . . .' [Citation.]" (*Gonzalez*, at p. 1125.) Construing the term in the context of the statutory scheme before it, the court held that "imposed" in section 12022.53, subdivision (f) meant imposed and executed. (*Gonzalez,* at p. 1126.) This construction accorded with the statute's purpose of ensuring longer sentences for felons who use firearms. (*Id.* at p. 1129.) Unlike the statute at issue in *Gonzalez*, section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement." (*Christianson, supra*, 97 Cal.App.5th at p. 314, rev.gr.) *Gonzalez* is therefore unhelpful to the Attorney General's position.

We acknowledge the well-reasoned dissent in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, which concludes that where the punishment for an enhancement was stricken, the enhancement has not been imposed within the meaning of

section 1172.75. We also have considered the reasoning in *Rhodius* and the Attorney General's argument concluding both are plausible. But we find the reasoning in *Christianson* regarding a stayed enhancement compelling and see no reason to conclude differently when the enhancement is stricken.

When an enhancement is found to be true by the trial court, by a jury, or admitted by the defendant, it becomes part of the judgment and must be addressed as part of the sentencing process. A sentence on the enhancement may be imposed and executed so that the defendant serves an additional term of imprisonment. Or the court may stay or strike the enhancement so that the enhancement does not increase the defendant's sentence. Whether or not the sentence is increased because of the enhancement, the enhancement is accounted for in the judgment and the abstract. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence.

Here, the judgment contains a now-invalid enhancement for a prison prior regardless of how the trial court addressed the enhancement. We therefore reverse the court's postjudgment order.

## DISPOSITION

The postjudgment order denying Delgado's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing. Upon conclusion of the new sentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.