Filed 5/7/25  P. v. Whitley CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAQUAN DONTA WHITLEY,<br><br>    Defendant and Appellant. | G063809<br><br>(Super. Ct. No. 13NF1347)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian. Reversed and remanded with directions.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Jaquan Donta Whitley appeals from the denial of his petition for recall and resentencing pursuant to Penal Code[1] sections 1172.7 and 1172.75. Whitley contends the trial court erred in concluding he was not entitled to relief because his prior prison term enhancements under former section 667.5, subdivision (b) (section 667.5(b)), were stricken at the time of sentencing. We agree with Whitley and reverse and remand for resentencing.

## FACTS

In 2018, pursuant to a plea agreement, Whitley pled guilty to numerous felony counts and admitted a section 12022.53, subdivision (b) enhancement. Relevant to this appeal, Whitley also admitted three enhancements under former section 667.5(b), and the trial court struck the punishment for each for the purpose of sentencing only.

In November 2023, counsel filed a petition for recall and resentencing on behalf of Whitley under Senate Bill No. 483 (2021–2022 Reg. Sess.) (section 1172.75), and the trial court denied the petition. The court found Whitley was not eligible for relief because the enhancements had been stayed or stricken at the time of sentencing. Whitley filed a timely notice of appeal.

## DISCUSSION

Effective January 1, 2022, section 1172.75 provides that certain one-year sentence enhancements for prior prison terms imposed under former section 667.5(b) are legally invalid and provides a mechanism for resentencing individuals serving judgments that include one or more of those

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

enhancements. (§ 1172.75, subds. (a)–(c).) The question before us in this appeal is whether section 1172.75 entitles a defendant to a resentencing hearing if the defendant's prior prison term enhancements were stricken for the purposes of sentencing.

There is a split of authority on this issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49 (*Rhodius*), [prison priors that were imposed but stayed are not entitled to relief under the statute], review granted Feb. 21, 2024, S283169, with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], review granted Feb. 21, 2024, S283189 (*Christianson*).)[2]

Whitley argues he "is statutorily eligible for relief under section 1172.75 because the judgment as indicated in the minute order generated on September 17, 2018, includes the three now invalid enhancements under section 667.5, subdivision (b), the sentence was imposed before January 1, 2020, and the prior convictions were not for sexually violent offenses."

The Attorney General relies on *Rhodius*. Alternatively, he notes there is no mention of the section 667.5(b) enhancements on the abstract of judgment and asserts the enhancements were dismissed.

---

[2] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

The proper interpretation of a statute is a question of law we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "'Our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

The Attorney General notes the discrepancy between the minute order and the abstract of judgment. The minute order indicates the enhancements were stricken for the purpose of sentencing only and the abstract of judgment is silent on the issue of 667.5(b) enhancements. In the guilty plea form, Whitley admitted all three former section 667.5(b) enhancements. The oral pronouncement of judgment does not provide adequate clarification. The record reflects the prosecution moved to dismiss "other counts [and] enhancements," but the record does not reflect a ruling by

4

the court. Therefore, the record is not clear the enhancements were dismissed as the Attorney General argues.

As part of the judgment, the stricken punishment for the enhancements could be revived upon resentencing consideration. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 [at resentencing hearing under the Three Strikes Reform Act of 2012, trial court properly reimposed previously stricken former § 667.5(b) enhancements].)

The Attorney General also argues section 1172.75, subdivision (d)(1), states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." According to the Attorney General, the sentence was a result of a plea agreement and vacating the stricken enhancements would not reduce Whitley's sentence.

The issue of a lesser sentence was addressed in *Christianson*. The court reasoned that a stayed enhancement "results in a 'lesser sentence'" under section 1172.75, subdivision (d)(1), because "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. [Citation.]" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.)

Returning to the statutory language, section 1172.75, subdivision (b), directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement [and] provide [their

5

information] to the sentencing court that imposed the enhancement." This provision does not limit the obligation to identify only those defendants who are actually serving a sentence for the enhancement. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been both imposed and executed as the Attorney General argues. As the court in *Christianson* stated, "if the Legislature had intended to limit section 1172.75 only to those individuals that were currently serving an additional term based on the enhancement, it had the ability to do so." (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

We acknowledge the well-reasoned dissent in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, which concludes that where the punishment for an enhancement was stricken, the enhancement has not been imposed within the meaning of section 1172.75. We also have considered the reasoning in *Rhodius,* and the Attorney General's argument, concluding both are plausible. But we find the reasoning in *Christianson* regarding a stayed enhancement compelling and see no reason to conclude differently when the punishment for the enhancement is stricken.

When an enhancement is found to be true by a trial court or a jury, or admitted by the defendant, it becomes part of the judgment and must be addressed as part of the sentencing process. A sentence on the enhancement may be imposed and executed so that the defendant serves an additional term of imprisonment. Or the court may stay or strike the enhancement so that the enhancement does not increase the defendant's sentence. Whether or not the sentence is increased because of the

6

enhancement, the enhancement is accounted for in the judgment. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence.

Whether executed, stayed, or stricken, the judgment contains a now-invalid enhancement for a prison prior. We therefore reverse the trial court's postjudgment order and remand.

## DISPOSITION

The postjudgment order denying Whitley's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for a full resentencing hearing. Upon conclusion of the new sentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


SCOTT, J.

7