Filed 10/21/25  P. v. Arriaga CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ARTEMIO ARRIAGA,<br><br>    Defendant and Appellant. | G063568<br><br>(Super. Ct. No. 96CF0435)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

\*                \*                \*

Jose Artemio Arriaga (Defendant) appeals from an order denying his petition for recall and resentencing under Penal Code section 1172.75.[1] The trial court denied the petition on the ground Defendant was ineligible for relief because, although his prior prison term enhancement had been imposed, punishment on the enhancement had been stricken at sentencing. We conclude section 1172.75 affords relief when the sentence enhancement was imposed but the punishment on the enhancement was stricken. Because Defendant was eligible for relief, we reverse and remand.

BACKGROUND

In 1997, a jury convicted Defendant of six counts of indecent exposure in violation of section 314, subdivision (1) (counts 1, 4–8) and two counts of committing a lewd act upon a child in violation of section 288, subdivision (a) (counts 2, 3). As to counts 2 and 3, the jury found to be true an enhancement allegation that Defendant had committed the crimes against multiple victims. (§ 667.61, subds. (b) & (e)(5)). Defendant admitted an enhancement allegation under section 667.5, subdivision (b) (section 667.5(b))[2] that he had a prior prison term (the section 667.5(b) enhancement).

---

[1] Further statutory references are to the Penal Code.

[2] As originally enacted in 1976, section 667.5(b) provided a one-year enhancement to sentences for nonviolent felonies for each prison term previously served "for any felony." (Former § 667.5(b), Stats. 1976, ch. 1139, § 268, pp. 5137–5138.) In 2019, the Legislature sharply restricted the prior prison enhancement by limiting it to prior prison terms for "a sexually violent offense as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." (Stats. 2019, ch. 590, § 1.)

In August 1997, the trial court sentenced Defendant to an aggregate term of 20 years four months to life in state prison. The court imposed the section 667.5(b) enhancement but then struck the punishment on that enhancement.

In November 2023, Defendant filed his petition for recall and resentencing under section 1172.75. On the petition, he checked the box to indicate his sentence included "no prison time currently executed because the sentence for the prior(s) was . . . stricken[.]" By written order filed November 28, 2023, the trial court denied Defendant's petition on the ground Defendant was ineligible for relief under section 1172.75 because his section 667.5(b) enhancement had been "either stayed or stricken" at the time of sentencing.

## DISCUSSION

Section 1172.75 declares, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a) (section 1172.75(a).) If a court determines "the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The interpretation of a statute is a question of law, which we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our fundamental task in construing statutes is to interpret them in a way that gives effect to the Legislature's intent. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 837.) "'Because the statutory language is generally the most reliable indicator of

3

that intent, we look first at the words themselves, giving them their usual and ordinary meaning.'" (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105.) We consider the statutory language in the context of the statute as a whole and its overall scheme. (*People v. Lewis, supra,* 11 Cal.5th 952 at p. 961; *People v. Valenzuela* (2019) 7 Cal.5th 415, 423.)

If the statute's language is unambiguous then its plain meaning controls. (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.) If the statute's language is unclear, ambiguous, or susceptible to more than one reasonable interpretation, we may look at extrinsic sources, including legislative history, as a guide to construing the statute. (*Ibid*.)

Analysis of the statutory language leads us to conclude section 1172.75 applies when the section 667.5(b) enhancement was imposed but punishment was stricken for purposes of sentencing. The plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were both imposed and executed. Section 1172.75(a) states "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020" pursuant to section 667.5(b) (except for convictions for sexually violent offenses) is invalid. (Italics added.) The enhancement thus is invalid upon its imposition, not upon imposition and execution of punishment.

Section 1385, subdivision (b)(1) grants the trial court the authority to strike the additional punishment for the enhancement as an alternative to striking or dismissing the enhancement. "In other words, striking an enhancement is different from striking the punishment for the enhancement." (*People v. Tang* (2025) 109 Cal.App.5th 1003, 1010.) When the punishment for the enhancement is stricken, the fact of the imposed enhancement remains on the defendant's criminal record. (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2015) § 12.5.)

In *People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987 (*Espino*) the majority concluded section 1172.75 applies when the punishment for the section 667.5(b) enhancement was imposed but stricken. The majority reasoned that section 1172.75 "should be interpreted according to the ordinary meaning of the word 'impose' and therefore [should apply] whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is str[icken]." (*Espino*, at p. 194.) "[A] sentencing enhancement remains an enhancement even if the punishment for it was not executed." (*Id.* at p. 197.) The majority in *Espino* also found it significant that an enhancement remains on the judgment and "may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Id.* at p. 201.) We agree with the majority opinion in *Espino*.[3]

In *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*), the California Supreme Court addressed the related issue of "whether a defendant is entitled to resentencing under Penal Code section 1172.75 when

---

[3] The dissent in *Espino* took the position that when punishment on a sentencing enhancement is stricken, the enhancement has never actually been imposed. (*Espino, supra*, 104 Cal.App.5th at pp. 203–204 (dis. opn. of Lie, J.).) The dissent also asserted that although a section 667.5(b) enhancement remains on a defendant's record after the punishment is stricken, "[i]t detracts nothing from the availability of conduct credits under section 2933" and "portends nothing for a future sentence." (*Espino* at p. 204 (dis. opn. of Lie, J.).) We disagree with the *Espino* dissent for two reasons. First, section 1172.75(a) makes the enhancement legally valid upon its imposition. Second, we cannot foretell if, when, or how an enhancement on a defendant's record might have negative consequences for that defendant, even if the punishment for the enhancement was stricken. (See *People v. Garner* (2016) 244 Cal.App.4th 1113, 1115.)

5

the judgment in the defendant's criminal case includes a prior-prison-term enhancement that was imposed but then stayed."[4] The Supreme Court concluded: "Penal Code section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, at p. 1054.)

The Supreme Court reached that conclusion through analyzing the text of section 1172.75, in particular, "the meaning of the word 'imposed.'" (*Rhodius, supra*, 17 Cal.5th at p. 1058.) The court rejected the claim that the word "imposed" was intended as shorthand "to mean not just 'imposed' but 'imposed and then executed.'" (*Id*. at p. 1060.) Instead, the court concluded that section 1172.75 "is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed and executed'" (*Rhodius*, at p. 1063.) The court did not find "any convincing textual proof that the Legislature was concerned exclusively with the elimination of enhancements that had already been executed." (*Id*. at p. 1061.)

The *Rhodius* court expressly stated it was not addressing the issues of whether section 1172.75 applies when, as in the present case, the enhancement is imposed but the punishment is stricken and whether the statute applies when the enhancement itself is stricken. (*Rhodius, supra*, 17 Cal.5th at p. 1066, fn. 2.) *Rhodius* nonetheless supports our conclusion that section 1172.75 applies when the punishment is stricken. The *Rhodius* court observed that section 1172.75(a) renders legally invalid a section 667.5(b)

---

[4] In response to our invitation, both parties submitted supplemental briefs addressing *Rhodius*.

enhancement (except for those imposed for a prior sexually violent predator conviction) that was *imposed* before January 1, 2020. (*Rhodius, supra*, 17 Cal.5th at pp. 1061–1062.) The court explained: "[T]he operative provision we are called on to interpret, section 1172.75(a), is not about resentencing. Rather, it specifies which enhancements are now 'legally invalid' following the Legislature's retroactive repeal of prior-prison-term enhancements for most offenders. [Citation.] The statute's resentencing procedures follow inexorably from invalidity, not the other way around. [Citation.]" (*Id.* at pp. 1061–1062.)

In other words, *Rhodius* confirms it is the *imposition* of the section 667.5(b) enhancement that renders the enhancement legally invalid under section 1172.75(a). Once an enhancement is imposed, it is legally invalid, and section 1172.75's resentencing procedures "follow inexorably." (*Rhodius, supra*, 17 Cal.5th at p. 1062.) And the *Rhodius* court concluded the word "imposed" in section 1172.75(a) meant "made part of a legally effective order" and "equivalent to pronouncing a judgment." (*Rhodius*, at p. 1058.) The enhancement was imposed in *Rhodius* when the court pronounced sentence. (*Id.* at pp. 1056, 1058, 1059.)

The trial court in the present case imposed Defendant's section 667.5(b) enhancement at sentencing, which was before January 1, 2020. The enhancement is therefore legally invalid, and Defendant is entitled to resentencing under section 1172.75. (*Rhodius, supra*, 17 Cal.5th at p. 1058.)

In *People v. Cota* (2025) 112 Cal.App.5th 1118 (*Cota*), the court which issued *Espino* concluded, post-*Rhodius*, that "section 1172.75 requires resentencing where, as here, prison priors were imposed but punishment for them was struck." (*Id.* at p. 1132.) "This conclusion," the court found, "is bolstered by the Supreme Court's recent decision in *Rhodius, supra*, 17

7

Cal.5th 1050." (*Cota*, at p. 1133.) Although the Supreme Court in *Rhodius* had declined to address whether section 1172.75 applies when the section 667.5(b) enhancement was imposed but punishment was stricken, the *Cota* court noted "the court adopted much of the reasoning that led *Espino* to conclude that section 1172.75 applies to such priors." (*Cota*, at p. 1133.)[5]

The *Cota* court noted too that the Supreme Court had considered parts of section 1172.75's legislative history that were not addressed in *Espino*. (*Cota*, *supra*, 112 Cal.App.5th at p. 1133.) Based on that legislative history, the Supreme Court had concluded "the Legislature had 'fairness concerns' that 'went to the very rationale underlying prior-prison-term enhancements' and that the Legislature's 'primary concern' in providing resentencing under section 1172.75 was 'aligning the treatment of defendants with [prison priors] imposed before 2020 with the treatment of those sentenced after 2020.'" (*Ibid.*, quoting *Rhodius*, at pp. 1065, 1066.) "These considerations provide further support for applying section 1172.75 where prison priors were imposed but punishment was stricken." (*Cota*, at p. 1133.)

---

[5] The trial court did not have the benefit of *Espino*, *Rhodius*, or *Cota* (2025) 112 Cal.App.5th 1118 when in 2023 it denied Defendant's resentencing petition.

DISPOSITION

The postjudgment order denying Defendant's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9