Filed 3/26/25  P. v. Stephen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063562 |
| v. | (Super. Ct. No. 13CF2612) |
| DWIGHT LADALE STEPHEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

1

Dwight Ladale Stephen appeals the denial of his petition for resentencing under Penal Code section 1172.75.[1] He contends the trial court erred in denying the petition on the grounds the original sentencing court struck the punishment for the prior prison term enhancement imposed under former section 667.5, subdivision (b) (section 667.5(b)). We agree with Stephen and reverse and remand for resentencing.

PROCEDURAL BACKGROUND

Following a jury trial in 2015, Stephen was convicted of multiple counts of robbery, as well as possessing a firearm as a felon. (§§ 211, 212.5, subd. (a), 213, subd. (a)(1)(A), 29800, subd. (a)(1).) The jury also found the robberies were gang related and Stephen vicariously possessed a firearm during their commission. (§§ 186.22, subd. (b)(4)(B), 12022.53, subds. (b) & (e)(1).)

In a bifurcated proceeding, the trial court further found Stephen had served a prior prison term within the meaning of former section 667.5(b), based on his illegal possession of a firearm. However, the court struck that enhancement for purposes of sentencing.[2] On the remaining charges, it sentenced Stephen to an aggregate term of 30 years to life in prison. We

---

[1] All statutory references are to the Penal Code.

[2] The Attorney General informed us of *People v. Tang* (Mar. 18, 2025, D084192) ___ Cal.App.5th ____ [2025 Cal.App. Lexis 166] recently decided by another division of this district. In *Tang*, the court held when an enhancement is ordered *stricken from the judgment* the defendant is not eligible for relief under section 1172.75. Here, the court did not strike the enhancement from the judgment, but only struck the punishment on the enhancement. Accordingly, *Tang* is inapplicable.

affirmed the judgment on direct appeal. (*People v. Pierson and Stephen* (Nov. 21, 2017, G052511) [nonpub. opn.].)

In 2023, Stephen's name appeared on a list of names that the Orange County Superior Court received from the Department of Corrections and Rehabilitation naming individuals who were potentially eligible for resentencing under section 1172.75. On November 13, 2023, Stephen, through appointed counsel, filed a petition for recall and resentencing pursuant to section 1172.75. On December 15, 2023, the court found "[Stephen was] not eligible for relief under [former] section 1172.75" and denied the motion. The court found Stephen ineligible for relief "because all related enhancements were either stayed or stricken at the time of sentencing." The court considered *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*), and *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*), on "the issue of unexecuted prison priors" in the context of resentencing under section 1172.75. The court concluded *Rhodius* was the better reasoned opinion because "it effectuates the true intent of the legislature, particularly in context of section 1172.75(d)(1)." Stephen filed a timely notice of appeal.

DISCUSSION

Effective January 1, 2022, section 1172.75 provides that certain one-year sentence enhancements for prior prison terms imposed under former section 667.5(b) are legally invalid and provides a mechanism for resentencing individuals serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).) The question before us in this appeal is whether section 1172.75 entitles a defendant to a resentencing

hearing if the defendant's prior prison term enhancements were stricken for the purposes of sentencing.

There is a split of authority on the issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *Rhodius*, *supra*, 97 Cal.App.5th at pp. 40–41, 45, 48–49, [prison priors that were imposed but stayed are not entitled to relief under the statute], rev.gr., with *Christianson*, *supra*, 97 Cal.App.5th at p. 305 [§ 1172.75 requires resentencing for stayed prior prison term enhancement], rev.gr.)[3]

Stephen cites *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*). The court in *Espino* held that a defendant whose former section 667.5(b) enhancement was struck was eligible for resentencing. This position is consistent with the court's holding in *Christianson*. The Attorney General urges us not to follow *Espino*'s holding and urges us to follow *Rhodius*. Both parties rely on the statutory language and interpretation for their conclusions. We agree the question is resolved by statutory interpretation.

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense

---

[3] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

4

meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The Attorney General argues the term "imposed," for purposes of section 1172.75, means imposed and executed, not imposed and stricken for purposes of punishment. He notes section 1172.75, subdivision (d)(1), states that resentencing "shall result in a lesser sentence than the one originally imposed." He asserts that when an "inert" enhancement is stricken, it cannot be said the result is a lesser sentence.

The issue of a lesser sentence was addressed in *Christianson*. The court reasoned that a stayed enhancement "result[s] in a lesser sentence" under section 1172.75, subdivision (d)(1), because "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. [Citation.]" (*Christianson, supra,* 97 Cal.App.5th at p. 312, rev.gr.)

5

Here, the trial court struck the punishment for the enhancement for purposes of sentencing, but the enhancement remained part of the judgment. As part of the judgment, the stricken punishment for the enhancement could be revived upon resentencing consideration. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 [at resentencing hearing under the Three Strikes Reform Act of 2012, trial court properly reimposed previously stricken former § 667.5(b) enhancements].)

Returning to the statutory language, section 1172.75, subdivision (b) directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement [and] provide [their information] to the sentencing court that imposed the enhancement." This provision does not limit the obligation to identify only those defendants who are actually serving a sentence for the enhancement. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been both imposed and executed as the Attorney General argues. As the court in *Christianson* stated, if the Legislature had intended to limit section 1172.75 to only those individuals who were currently serving an additional term based on the enhancement, it had the ability to do so. (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

The Attorney General contends *Gonzalez*, supports his position. We agree with the *Christianson* court that *Gonzalez* is not controlling. There, our Supreme Court recognized the term "imposed" could encompass enhancements that were imposed and executed and enhancements that were imposed and stayed, but stated, "'[A]s a practical matter, the word "impose" is often employed as shorthand to refer to the first situation . . . .' [Citation.]" (*Gonzalez*, *supra*, 43 Cal.4th at p. 1125.) Construing the term in the context of the statutory scheme before it, the court held that "imposed" in section 12022.53, subdivision (f) meant imposed and executed. (*Gonzalez,* at p. 1126.) This construction accorded with the statute's purpose of ensuring longer sentences for felons who use firearms. (*Id.* at p. 1129.) Unlike the statute at issue in *Gonzalez*, section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement." (*Christianson, supra*, 97 Cal.App.5th at p. 314, rev.gr.) *Gonzalez* is therefore unhelpful to the Attorney General's position.

We acknowledge the well-reasoned dissent in *Espino*, *supra*, 104 Cal.App.5th 188 review granted, which concludes that where the punishment for an enhancement was stricken, the enhancement has not been imposed within the meaning of section 1172.75. We also have considered the reasoning in *Rhodius* and the Attorney General's argument concluding both are plausible. But we find the reasoning in *Christianson* regarding a stayed enhancement compelling and see no reason to conclude differently when the enhancement is stricken.

When an enhancement is found to be true by a trial court or a jury, or admitted by the defendant, it becomes part of the judgment and must be addressed as part of the sentencing process. A sentence on the

enhancement may be imposed and executed so that the defendant serves an additional term of imprisonment. Or the court may stay or strike the enhancement so that the enhancement does not increase the defendant's sentence. Whether or not the sentence is increased because of the enhancement, the enhancement is accounted for in the judgment and the abstract. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence.

We agree with our concurring colleague that this statute, like many others, was not drafted with the specificity most courts would prefer. We also agree two reasonable interpretations of the statute, based on differing cogent rationale, support conflicting results in numerous cases throughout the state. But that does not lead us to conclude either interpretation is """"no more than [a] guess.""" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) When Courts of Appeal reach differing reasonable interpretations of a statute, it is for the Supreme Court to resolve the conflict. The Supreme Court then disapproves Court of Appeal holdings that are contrary to its decision. This is what we expect to happen on the issue presented here. We think it unlikely the Supreme Court will find this statute to be egregiously ambiguous.

Whether executed, stayed, or stricken, the judgment contains a now-invalid enhancement for a prison prior regardless of how the trial court addressed the enhancement. We therefore reverse the court's postjudgment order.

## DISPOSITION

The postjudgment order denying Stephen's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing. Upon conclusion of the new sentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

I CONCUR:


MOORE, J.

9

DELANEY, J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Dwight Ladale Stephen's resentencing petition.[1] I write separately because I believe the statutory analysis which compels this conclusion is different than that articulated in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*), and *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), on which the majority relies.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather, the statute is broadly worded to apply whenever a prior prison term

_____

[1] All further statutory references are to the Penal Code.

1

enhancement was "imposed," without further qualification. (§ 1172.75, subds. (a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases where the enhancement was imposed and executed, it could have expressly done so. But it did not.

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stricken, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *Espino, supra*, 104 Cal.App.5th at p. 204 (dis. opn. of Lie, J.), rev. granted.) Punishment cannot be stricken, unless it is first imposed. (See Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/strike, par. 4> [as of Feb. 18, 2025] archived at: <https://perma.cc/MR92-TPD5> [defining "strike" as "to delete something"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at: <https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply

2

by authority"].) Here, the original sentencing court struck only the punishment for the enhancement and did not strike the enhancement itself. So, even though Stephen was not subjected to prison time or the threat of prison time as a result of the prior prison term enhancement finding, the sentence enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), and the *Espino* dissent. Both provide equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *Rhodius*, at pp. 43–48, rev. granted; *Espino, supra*, 104 Cal.App.5th at pp. 202–204 (dis. opn. of Lie, J.), rev. granted.)

Among other matters, the *Espino* dissent highlights the divergent positions held by the judiciary regarding whether an enhancement for which punishment was stricken may have potential future adverse consequences, such as restricting a defendant's custody credits, and whether the Legislature intended section 1172.75 to neutralize any such potential collateral consequences. (Compare *Espino, supra*, 104 Cal.App.5th at p. 201, with *id*. at pp. 204–205 (dis. opn. of Lie, J.), rev. granted.) Relevant to those points, any defendant who previously served a term in prison will always have that prior prison term in their history. Thus, even if the finding and punishment for an enhancement based thereon is eliminated from a particular judgment, the prior prison term has the potential for negatively impacting them in the

3

future. (See, e.g., § 1170, subd. (b)(2) [court may impose sentence exceeding middle term of sentencing triad when "circumstances in aggravation" justify doing so]; *Chavez Zapeda v. Superior Court* (2023) 97 Cal.App.5th 65, 78 ["'circumstances in aggravation'" in § 1170, subd. (b)(2), includes factors listed in Cal. Rules of Court, rule 4.421]; Cal. Rules of Court, rule 4.421 [prior prison term served by defendant is an aggravating circumstance].)

Similarly, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) In this regard, the majority in this case reasons that because an enhancement for which punishment is stricken remains part of a judgment, "the stricken punishment for the enhancement could be revived upon resentencing consideration." I respectfully disagree this adds anything to the analysis. The majority relies on *People v. Garner* (2016) 244 Cal.App.4th 1113, which involved prison prior enhancements for which punishment was originally stricken, and a later resentencing which occurred years before the Legislature enacted section 1172.75, at a time when the one-year prison prior mandate was in full force. (*Garner*, at pp. 1115–1116; see also former § 667.5, subd. (b), amended by Stats. 2014, ch. 442, § 10.) That a trial court may impose punishment for an enhancement during a resentencing that takes place when such an enhancement is still legally available and applicable, despite the original sentencing court's decision to

4

strike such punishment, is consistent with the law. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 (*Padilla*) [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 (*Walker*) [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Relevant here, roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd. (a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken if the qualifying prior prison term was for a sexually violent offense. A court could not, now or in the future, impose punishment for a prison prior enhancement that the Legislature makes unavailable at the time of a resentencing hearing. (See *Padilla, supra*, 13 Cal.5th at pp. 160–163; *Walker, supra*, 67 Cal.App.5th at pp. 205–206 & fn. 4.)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely

5

counterbalance one another,[2] the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Stephen—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately struck the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies "'"'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule"'"']; *Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if § 1172.75 interpretations were equally strong on both sides].)

Because Stephen's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Stephen is entitled to resentencing.


DELANEY, J.

---

[2] The recent decision in *People v. Tang* (Mar. 18, 2025, D084192) __ Cal.App.5th __ [2025 Cal.App. Lexis 166], does not alter the balance.