Filed 4/29/25  P. v. Green CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JARVON DARMARIOUS GREEN,<br><br>    Defendant and Appellant. | C101491<br><br>(Super. Ct. No. 18FE006985) |

Defendant Jarvon Darmarious Green appeals from a postconviction order denying his request for recall and resentencing under Penal Code[1] section 1172.75.  Defendant contends the trial court erred in concluding that he was ineligible for resentencing.  We affirm the trial court's order.

BACKGROUND

In June 2024, the trial court determined that defendant was ineligible for resentencing because the enhancement imposed after trial for a prior prison term had previously been stricken by this court in July 2020.  The following sets forth the chronology of events.

---

**1**    Undesignated statutory references are to the Penal Code.

1

In November 2018, a jury found defendant guilty of making a criminal threat (§ 422) and dissuading a witness (§ 136.1, subd. (b)(1)). In April 2019, the trial court found defendant had suffered two prior strike convictions (§ 667, subds. (b)-(i)) and two prior serious felony convictions (§ 667, subd. (a)), and had served a prior prison term (§ 667.5, subd. (b)). The trial court struck the punishment for one of defendant's two prior strikes, electing not to impose a sentence of 25 years to life. The trial court sentenced defendant to an aggregate prison term of 17 years, which included the upper term of three years for the criminal threat count, doubled to six years by the strike, two five-year terms for the prior serious felonies, and one year for the prior prison term. The trial court also imposed the low term of 16 months which was doubled to 32 months on the dissuading a witness count, which the court stayed under section 654. (*People v. Green* (July 8, 2020, C089310) [nonpub. opn.] (*Green*).)

Defendant appealed, and in a decision issued on July 8, 2020, this court agreed that his one-year prior prison term enhancement was invalid under then-newly enacted Senate Bill No. 136 (2019-2020 Reg. Sess.), which "narrowed the eligibility for the one-year prison prior enhancement to those who have served a prior prison sentence for a sexually violent offense . . . ." (*Green*, *supra*, C089310.) We "modif[ied] the judgment to strike defendant's prior prison enhancement imposed under section 667.5, subdivision (b)," directed the trial court to prepare an amended abstract of judgment reflecting this modification for forwarding to the Department of Corrections and Rehabilitation (CDCR), and affirmed the judgment as modified. (*Green*, *supra*, C089310.)

On December 22, 2020, the trial court filed an amended abstract striking the punishment for the prison prior.

Thereafter, on October 8, 2021, the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) (Stats. 2021, ch. 728, § 3). Effective January 1, 2022, the enactment added section 1171.1 later renumbered as section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to

subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) The statute also sets forth a recall and resentencing mechanism for individuals serving prison sentences that include a section 667.5, subdivision (b) enhancement (other than for a sexually violent offense). (§ 1172.75, subds. (b)-(e).) Under that procedure, CDCR notifies the sentencing court that an inmate is serving a sentence that includes a covered section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) Upon receiving the notification, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court determines that the current judgment includes an enhancement described in [section 1172.75,] subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

In this case, CDCR notified the trial court that defendant was eligible for resentencing under Senate Bill No. 483. On June 13, 2024, the trial court issued an order finding defendant not eligible for resentencing. The trial court stated: "This Court has reviewed its file and determined the defendant's priors [*sic*] have already been stricken. Therefore, defendant is ineligible for recall of sentence."

Defendant timely appealed.

DISCUSSION

Defendant acknowledges that, in 2020, this court modified the judgment to strike his prior prison term enhancement. He nevertheless contends he qualifies for resentencing because: (1) "the enhancement was not stricken altogether, it remained 'imposed' within the meaning of section 1172.75"; and (2) even though the punishment was struck, the trial court could reinstate the punishment. We disagree.

As noted *ante*, section 1172.75, subdivision (c) directs that, upon receiving a notification from CDCR, the trial court "shall review the judgment and verify that the

3

*current judgment* includes a sentencing enhancement described in subdivision (a)." (Italics added.) Because this court *struck* defendant's prior prison term enhancement before the adoption of Senate Bill No. 483, the then "current judgment" did not include a sentencing enhancement imposed pursuant to section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) This fact distinguishes this case from *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, briefing deferred, on which defendant principally relies. *Christianson* concluded that section 667.5 applies in cases where a section 667.5, subdivision (b) enhancement has been imposed but stayed. (*Christianson*, *supra*, at pp. 311-313; see also *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272, 1278-1279, review granted Mar. 12, 2024, S283547, briefing deferred [defendant entitled to the striking of four stayed enhancements and a full resentencing in accordance with § 1172.75]; *People v. Espino* (2024) 104 Cal.App.5th 188, 193, review granted Oct. 23, 2024, S286987, briefing deferred [§ 1172.75 "appl[ies] whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].) In this case, there is no current judgment with a prior prison term enhancement to strike. Defendant is therefore ineligible for relief under section 1172.75.

Noting that the amended abstract reflects the punishment being struck for the prison prior,[2] defendant argues that, like a section 667.5, subdivision (b) prior that has been stayed, the trial court retains the ability to "reinstate the previously-stricken punishment for a prior prison enhancement in certain circumstances." (See *People v. Garner* (2016) 244 Cal.App.4th 1113, 1117 [trial court could reimpose previously stricken prior prison term enhancements, in part because "the trial court never struck the prison term enhancement, but merely struck the punishment therefor"].) However, this court "amend[ed] the judgment *to strike* defendant's section 667.5, subdivision (b) prison prior

---

[2]    Section 1385, subdivision (b)(1) provides in relevant part: "If the court has the authority . . . to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement . . . .

enhancement." (Italics added.) (*Green*, *supra*, C089310.) As defendant acknowledges, this court directed the trial court to amend the abstract in conformance with our "modif[ication of] the judgment *to strike* defendant's prison prior enhancement imposed under section 667.5, subdivision (b)." (Italics added.) (*Green*, *supra*, C089310.) Thus, this court modified the judgment to strike the enhancement itself, not merely the punishment for the enhancement. (§ 1260.) As the court observed in *People v. Flores* (2021) 63 Cal.App.5th 368, "[i]f a judge strikes the enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future resentencing." (*Id.* at p. 383.) The current judgment thus does not include a prison prior for the trial court to strike.

An abstract of judgment may not add to or modify the judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we repeat our direction to the trial court to amend the abstract of judgment to reflect that defendant's prior prison enhancement has been stricken.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment reflecting that defendant's prior prison enhancement is stricken and forward a certified copy of the amended abstract to the CDCR. The trial court's order denying defendant's petition for resentencing under section 1172.75 is affirmed.

\s\
Krause, J.

We concur:

\s\
Mauro, Acting P. J.

\s\
Boulware Eurie, J.