Filed 5/7/25  P. v. Nguyen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063777 |
| v. | (Super. Ct. No. 05ZF0092) |
| QUOC NGUYEN NGUYEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

Quoc Nguyen Nguyen appeals the trial court's order denying his resentencing petition under Penal Code[1] section 1172.75. Nguyen contends the court erred in concluding he was not entitled to relief because his sentencing enhancement under former section 667.5, subdivision (b), was imposed but stayed. We agree with Nguyen and reverse and remand for resentencing.

## PROCEDURAL HISTORY

In 2008, Nguyen pleaded guilty to two felony charges and admitted a sentencing enhancement under section 667.5, subdivision (b) for previously serving a prison sentence (prison prior enhancement). After a jury found Nguyen guilty on the remaining charges, the trial court sentenced him to multiple life sentences. The court imposed but stayed the prison prior enhancement.[2]

On November 13, 2023, Nguyen petitioned the trial court for resentencing under sections 1172.7 and 1172.75, alleging his name appeared on the Senate Bill No. 483 (2021–2022 Reg. Sess.) list provided by the state Department of Corrections and Rehabilitation (DCR). Nguyen alleged he was eligible for resentencing regardless of whether the prison prior enhancement was executed. The court denied the petition, concluding Nguyen was ineligible for resentencing because "all related enhancements were either stayed or stricken at time of sentencing." Nguyen timely appealed.

---

[1] All further statutory references are to the Penal Code.

[2] We note that neither the 2008 abstract of judgment nor the 2011 amended abstract of judgment reflect any action on the prison prior enhancement.

## DISCUSSION

The sole issue before us is whether section 1172.75 precludes relief to defendants whose judgments include a former section 667.5, subdivision (b), prison prior enhancement that was imposed but not executed.

We review this issue of statutory interpretation de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) When interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a), italics added.) "The Secretary of the Department of Corrections and Rehabilitation . . . [must] identify those persons in their custody currently serving a term for a *judgment* that includes a[ prison prior] enhancement" and provide the individual's name and relevant information to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b), italics added.) "If the court determines that the current *judgment* includes a[ prison prior] enhancement . . . , the court shall recall the sentence and

3

resentence the defendant." (§ 1172.75, subd. (c), italics added.) And the resentencing must result in a lesser sentence, unless the court finds it would endanger public safety. (§ 1172.75, subd. (d)(1).)

There is a split of authority on the issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49, [§ 1172.75 only applies to defendants with prison prior enhancements that were imposed and executed], review granted Feb. 21, 2024, S283169 (*Rhodius*), with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for a prison prior enhancement that was imposed but stayed], review granted Feb. 21, 2024, S283189 (*Christianson*).)[3]

The Attorney General contends the *Rhodius* court correctly concluded that the word "imposed" as used in section 1172.75 means imposed and executed, excluding from relief defendants whose prison prior enhancements were imposed but the enhancements' punishments were stayed or stricken. The Attorney General points out that a trial court could not later impose the one-year prison prior punishment because the former section 667.5, subdivision (b) prison prior enhancement is now legally invalid. Nguyen argues the contrary. He asserts the plain language of section 1172.75 does not limit its application to cases in which the prison prior was ultimately executed, which is consistent with the *Christianson* court's holding. We agree with Nguyen and adopt the *Christianson* court's statutory interpretation of section 1172.75.

---

[3] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

The *Rhodius* court concluded the word "imposed" in the context of section 1172.75 applies only to those enhancements that were imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 45, rev. granted.) The court relied on *People v. Gonzalez* (2008) 43 Cal.4th 1118. (*Rhodius*, at p. 43.) In *Gonzalez*, our Supreme Court interpreted the word "impose" in section 12022.53, subdivision (f)'s instruction that the trial court may not *impose* more than one firearm enhancement per person for each crime, as "shorthand for 'impose and then *execute*.'" (*Gonzalez*, at pp. 1126–1127.)

The *Christianson* court addressed the *Gonzalez* holding, "not[ing] that the *Gonzalez* court reached that conclusion, after acknowledging the potential ambiguity in the term, by construing the word in the context of the entire statutory scheme at issue before it, in sections 12022.5 and 12022.53." (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev. granted.) The *Gonzalez* court's interpretation was also consistent with the Legislature's intent to impose the longest term of imprisonment, "because it allowed the trial court to impose *and execute* the enhancement with the longest associated additional term of imprisonment, but also impose *and stay* additional enhancements to ensure they could still be imposed in the event the enhancement with the longest term of imprisonment was somehow invalidated on appeal." (*Christianson*, at p. 313.) Because the legislative intent behind section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement," the court in *Christianson* concluded that the resentencing is not only reserved for defendants whose prison priors were imposed and executed. (*Christianson*, at p. 314.)

The *Rhodius* court further reasoned that because section 1172.75, subdivision (d)(1), requires the resentencing to result in a lesser sentence,

5

this requirement "necessitates the conclusion that the repealed enhancement increased the length of the sentence." (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) And only an imposed and executed enhancement would increase the sentence. (*Id*. at p. 44.)

The court in *Christianson* also addressed subdivision (d)(1)'s lesser-sentence-requirement. The court pointed out "the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated." (*Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted.) Similarly, a prison prior enhancement that was imposed but its punishment stricken could be later imposed and executed upon resentencing. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 [trial court properly reimposed previously stricken prison prior enhancements at resentencing under the Three Strikes Reform Act].) Dismissal of a stayed or stricken prison prior punishment therefore provides relief to the defendant by eliminating that potential, thus fulfilling the Legislature's intent that resentencing "'shall result in a lesser sentence than the one originally imposed.'" (*Christianson,* at p. 310.) And if the Legislature had intended to limit section 1172.75 to only those individuals who were currently serving an additional term based on the enhancement, it had the ability to do so. (*Christianson,* at p. 313.)

The *Christianson* court noted the statute requires the DCR to identify the inmates serving a term for a *judgment* that includes a prison prior enhancement (§ 1172.75, subd. (b)) and requires the trial court to then review that judgment to verify it includes the prison prior enhancement (§ 1172.75, subd. (c)). (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311–312, rev. granted.) It does not require the DCR or the court to further verify the enhancement was imposed and executed. (*Id*. at p. 312.) Because a stayed or

6

stricken enhancement remains part of the judgment, defendants whose judgments contain a now-invalid prison prior enhancement are eligible for section 1172.75 resentencing regardless of whether the enhancement's punishment was executed, stayed, or stricken. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence.

## DISPOSITION

The postjudgment order denying resentencing is reversed, and the matter is remanded to the trial court for resentencing under section 1172.75. After the resentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


O'LEARY, P. J.

I CONCUR:


SCOTT, J.

7

DELANEY, J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Quoc Nguyen Nguyen's resentencing petition.[4] I write separately because I believe the statutory analysis which compels this conclusion is different than that articulated in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*), on which the majority relies.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather, the statute is broadly worded to apply whenever a prior prison term enhancement was "imposed," without further qualification. (§ 1172.75, subds.

---

[4] All further statutory references are to the Penal Code.

1

(a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases where the enhancement was imposed and executed, it could have expressly done so. But it did not.

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*People v. Espino* (2024) 104 Cal.App.5th 188, 197, review granted October 23, 2024, S286987 (*Espino*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stayed, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *Espino, supra*, 104 Cal.App.5th at p. 204 (dis. opn. of Lie, J.), rev. granted.) Punishment cannot be stayed, unless it is first imposed. (See *People v. Duff* (2010) 50 Cal.4th 787, 796 [court must first impose sentence before staying its execution under § 654]; Black's Law Dict. (12th ed. 2024) p. 1716 [defining "stay" as "[a]n order to suspend all or part of . . . a judgment resulting from [a judicial] proceeding"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at: <https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply by authority"].) Here, the original

2

sentencing court stayed the punishment for the enhancement. So, even though Nguyen was not subjected to prison time as a result of the prior prison term enhancement finding, the sentence enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), which provides equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *id.* at pp. 43–48, rev. granted.)

Among other matters, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted; *Rhodius, supra*, 97 Cal.App.5th at pp. 43-44, rev. granted.) In this regard, the majority in this case posits that in the context of stayed punishment for a prison prior, "'the trial court retains the ability to lift the stay and impose the term under certain circumstance[s].'" Similarly, it states "a prison prior enhancement that was imposed but its punishment stricken could be later imposed and executed upon resentencing." I respectfully disagree this adds anything to the analysis. The majority relies on *People v. Garner* (2016) 244 Cal.App.4th 1113, which

involved prison prior enhancements for which punishment was originally stricken, and a later resentencing which occurred years before the Legislature enacted section 1172.75, at a time when the one-year prison prior mandate was in full force. (*Garner*, at pp. 1115–1116; see also former § 667.5, subd. (b), amended by Stats. 2014, ch. 442, § 10.) That a trial court may impose punishment for an enhancement during a resentencing that takes place when such an enhancement is still legally available and applicable, despite the original sentencing court's decision to strike such punishment, is consistent with the law. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 (*Padilla*) [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 (*Walker*) [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Relevant here, roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd. (a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken or stayed, if the qualifying prior prison term was for a sexually violent offense. A court could not, now or in the future, impose a punishment or lift the stay on a punishment for a prison prior enhancement that the Legislature makes unavailable at the time

4

of a resentencing hearing. (See *Padilla, supra*, 13 Cal.5th at pp. 160–163; *Walker, supra*, 67 Cal.App.5th at pp. 205–206 & fn. 4.)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely counterbalance one another, the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Nguyen—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately stayed the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies "'"only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule"'"]; *Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if § 1172.75 interpretations were equally strong on both sides].)

Because Nguyen's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Nguyen is entitled to resentencing.


DELANEY, J.


5