Filed 5/16/25  P. v. Alvarado CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063550 |
| v. | (Super. Ct. No. 18NF1174) |
| LUIS MIGUEL ALVARADO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Luis Miguel Alvarado appeals from the denial of his petition for recall and resentencing pursuant to Penal Code section 1172.75 (all undesignated statutory references are to this code). At Alvarado's original sentencing hearing, one of his enhancements for prior prison terms under former section 667.5, subdivision (b) (prison prior) was imposed and stricken for purposes of sentencing. We conclude Alvarado is entitled to be resentenced under section 1172.75. Thus, we reverse and remand for resentencing.

PROCEDURAL HISTORY

In 2019, a jury found Alvarado guilty on two counts of domestic battery with corporal injury (§ 273.5, subd. (a)); one count of assault with a deadly weapon (§ 245, subd. (a)(1)); and two counts of felony false imprisonment (§§ 236, 237, subd. (a)). Relevant here, the trial court found four prison priors to be true. For three of those prison priors, the trial court imposed one-year sentences, and with respect to the fourth prison prior, the trial court imposed one year which was stricken for purposes of sentencing.

Alvarado appealed, and a panel of this Court noted in its opinion, inter alia, "Alvarado and respondent agree that the three prior prison term enhancements the trial court imposed must be stricken." (*People v. Alvarado* (Mar. 30, 2021, G058081) [nonpub. opn.].) In its disposition, the panel of this court "modif[ied] (see § 1260) Alvarado's sentence by striking the three section 667.5, subdivision (b), one-year prison term enhancements that the trial court imposed." (*Ibid.*) The judgment was affirmed in all other respects, and the trial court was directed to prepare an amended abstract of judgment. (*Ibid.*)[1]

---

[1] After the opinion by this court was issued, the minutes reflect the trial court vacated the sentences for the three prison priors. The trial

2

In November 2023, Alvarado filed a petition for recall and resentencing under section 1172.75, which the trial court denied finding Alvarado was "ineligible for relief because all related enhancements were either stayed or stricken at time of sentencing."

DISCUSSION

"Prison priors are governed by section 667.5. When first enacted in 1976, this section required trial courts to impose a one-year enhancement for any nonviolent felony for which a prison sentence was imposed, unless the defendant remained free of custody for at least five years after completing that sentence." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987 (*Espino*).) Now, section 1172.75 deems certain one-year sentence enhancements for prison priors, imposed before January 1, 2020, to be invalid and sets forth a mechanism for resentencing individuals

---

court then imposed one-year sentences and struck the punishments as to each of these three prison priors.

       Although not argued by the parties, the trial court erred in interpreting the prior appellate opinion and re-imposing one-year sentences on those three prison priors and striking the punishments. Those three prison priors were stricken when the appellate court modified the judgment on the prior appeal and the trial court was directed to prepare an amended abstract of judgment reflecting such. (*People v. Alvarado, supra*, G058081.) However, we need not address what effect those three prison priors may have for purposes of section 1172.75 because there was a fourth prison prior that was imposed and stricken for purposes of sentencing at the original sentencing hearing. While the disposition of the prior appellate opinion modified the judgment by striking the three prison priors that had one-year sentences, it did not also state it was modifying the judgment to strike the fourth prison prior (i.e., the prison prior that was imposed and stricken for purposes of sentencing at the original sentencing hearing). (*People v. Alvarado, supra*, G058081.) This fourth prison prior that was imposed and stricken for purposes of sentencing remained, and this opinion addresses that prison prior concluding it provides the basis for Alvarado's eligibility under section 1172.75.

"serving a term for a judgment" that includes one or more prison priors. (§ 1172.75, subds. (a) & (b).) The sole issue before us in this appeal is whether section 1172.75 entitles a defendant to a resentencing hearing if the defendant's prison prior was imposed but stricken for the purposes of sentencing.[2]

There is a split of authority in the appellate courts regarding whether a trial court must conduct a full resentencing hearing pursuant to section 1172.75 when an invalidated prison prior was imposed and stayed, and the issue is currently pending before the California Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*).[3]

---

[2] At times in their briefs, both the Attorney General and Alvarado indicate the issue is whether a defendant whose prison prior was imposed and stayed is eligible under section 1172.75. However, the trial court at the original sentencing hearing ordered the prison prior at issue here imposed and stricken for purposes of sentencing, not stayed.

[3] In *Rhodius*, the court concluded section 1172.75 does not apply if the defendant's prison priors were previously imposed and stayed. (*Rhodius, supra*, 97 Cal.App.5th at pp. 41–42, 45, 49, rev.gr.) However, several other Courts of Appeal have concluded section 1172.75 applies when prison priors were imposed in the original judgment, regardless of whether the punishment was stayed or stricken. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 668 [prison priors stayed], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272–1274 [prison priors stayed], review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [prison priors stayed], review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [prison priors stayed]; *Espino, supra*, 104 Cal.App.5th at p. 193 [prison prior stricken for purposes of sentencing], rev.gr.)

To determine whether a prison prior that was stricken for purposes of sentencing entitles a defendant to a full resentencing hearing under section 1172.75, we follow the well-established principles of statutory interpretation. "The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) The fundamental task here is to determine the Legislature's intent and effectuate the law's purpose. (*Ibid.*) "'"""We begin by examining the statute's words, giving them a plain and commonsense meaning."'"""" (*Ibid.*) "We examine that language, not in isolation, but in the context of the statutory framework as a whole to discern its scope and purpose and to harmonize the various parts of the enactment. [Citation.] "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy."'" (*People v. Prudholme* (2023) 14 Cal.5th 961, 975–976.)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5, subdivision (b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." Citing to the reasoning in *Rhodius* and *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), the Attorney General argues the word "'imposed'" in section 1172.75 means "imposed and executed." Based on our review of the statutory language in section 1172.75 and *Gonzalez*, we disagree.

Subdivision (b) of section 1172.75 directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional

5

administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement . . . and . . . provide [their information] to the sentencing court that imposed the enhancement." This obligation in subdivision (b) is not limited to the identification of only those defendants who are actually serving a sentence for the prison prior. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been imposed and executed as the Attorney General argues. If the Legislature had intended such a limitation, it had the ability to do so. (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

In *Gonzalez*, our Supreme Court analyzed the words "'impose'" and "'imposed'" in different subdivisions of section 12022.53 to harmonize its provisions. (*Gonzalez, supra*, 43 Cal.4th at pp. 1126–1127.) Construing sections 12022.53 and 12022.5 in *Gonzalez*, the Supreme Court stated: "[I]t is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.'" (*Gonzalez*, at p. 1125 [quoting a case also addressing firearm enhancements under §§ 12022.5 & 12022.53].)

However, multiple courts have found *Gonzalez* to be distinguishable. (See, e.g., *Saldana, supra*, 97 Cal.App.5th at p. 1277, rev.gr.) Here, there is no issue of contradicting subdivisions in section 1172.75, unlike the situation in *Gonzalez*. (See *Saldana*, at p. 1277.) Also, the legislative intent guiding the Supreme Court's interpretation in *Gonzalez* is the opposite of the legislative intent behind section 1172.75. In *Gonzalez*, "the Legislature's stated intent was to ensure that "'substantially longer prison

6

sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime.'"'" (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.) Here, the Legislature had a different intent in enacting section 1172.75. As the *Christianson* court explained, "the statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' [Citation.] Consistent with that intent, the other provisions of the statute require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform. . . . Thus, it appears the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Christianson*, at p. 314; accord, *Saldana*, at p. 1278.)

The Attorney General also notes subdivision (d)(1) of section 1172.75 "requires that resentencing result in a lesser sentence" than the one originally imposed. The removal of a previously imposed enhancement results in a lesser sentence as it eliminates the possibility the court could revive the enhancement and require the defendant to serve the additional sentence. (See *People v. Lopez* (2004) 119 Cal.App.4th 355, 365 [a stay permits revival of enhancement if sentence is later invalidated]; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 [at resentencing hearing under the Three Strikes Reform Act of 2012, it was not error for the trial court to reimpose prison priors previously stricken for purposes of punishment].)

We acknowledge the well-reasoned dissent in *Espino*, which concludes, in instances where the punishment for an enhancement was

7

stricken, the enhancement has not been imposed within the meaning of section 1172.75. (*Espino, supra,* 104 Cal.App.5th at p. 202 (dis. opn. of Lie, J.), rev.gr.) We have also considered the Attorney General's arguments as well as the reasoning in *Rhodius* and acknowledge the *Rhodius* court makes valid points in its discussion of the legislative intent behind section 1172.75. But this does not convince us the statute must be interpreted as only applying to defendants whose prison priors were imposed and executed. Indeed, we struggle to find ambiguity in the statute's text warranting the need to examine the legislative history for guidance. (See *People v. Prudholme, supra,* 14 Cal.5th at p. 976.)

An enhancement found to be true becomes part of the judgment and must be addressed as part of the sentencing process. The sentence on the enhancement may then be imposed and executed, or imposed and stayed or stricken for the purposes of sentencing, so that the enhancement does not increase the defendant's sentence. The prison prior is accounted for in the judgment whether or not the sentence is increased because of such. Consequently, we do not draw a distinction between an executed sentence and one that is stayed or stricken for purposes of sentencing in the application of section 1172.75.

Pending direction from the California Supreme Court, we conclude, in line with the weight of authority, the term "imposed" in section 1172.75 applies to defendants, like Alvarado, who are currently in custody serving a term for a judgment that includes a now invalid prison prior, imposed prior to January 1, 2020, regardless of whether the prison prior was originally stayed, stricken for purposes of sentencing, or executed. We therefore reverse the trial court's postjudgment order and remand to the trial court.

## DISPOSITION

The postjudgment order denying Alvarado's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


MOTOIKE, ACTING P. J.

I CONCUR:


SCOTT, J.

9

DELANEY, J., Concurring.

I agree with the majority that the sole issue in this case concerns the interpretation of Penal Code section 1172.75, and I agree the trial court erred in denying defendant Luis Miguel Alvarado's resentencing petition.[1]

I write separately because I believe the statutory analysis which compels this conclusion is different than that articulated in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*), *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987 (*Espino*), and the other cases on which the majority relies.

"Our task when interpreting statutory language is to discern the Legislature's intent 'so as to effectuate the purpose of the law.' [Citation.] 'The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.'" (*People v. Hupp* (2023) 96 Cal.App.5th 946, 950.)

Section 1172.75 requires resentencing when a defendant's judgment includes a now-invalid prison prior sentencing enhancement "imposed" pursuant to a former version of section 667.5, subdivision (b). (§ 1172.75, subds. (a), (c).) The Attorney General argues the word imposed should be interpreted to mean imposed and executed.

On its face, section 1172.75 does not require a defendant to have been subjected to a term of imprisonment to qualify for resentencing. Rather,

---

[1] All further statutory references are to the Penal Code.

1

the statute is broadly worded to apply whenever a prior prison term enhancement was "imposed," without further qualification. (§ 1172.75, subds. (a), (c).) Had the Legislature intended to limit section 1172.75's reach to cases where the enhancement was imposed and executed, it could have expressly done so. But it did not.

When the plain language of a statute is clear, courts are not at liberty to rewrite it to conform to a presumed legislative intent which does not appear in its text. (See *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 807; *Figueroa v. FCA US, LLC* (2022) 84 Cal.App.5th 708, 712). Thus, if one views "imposed" as unambiguous, the express language of section 1172.75 does not support the Attorney General's interpretation of the statute as requiring both imposition and execution of a prior prison term enhancement as a prerequisite to obtaining resentencing relief. (*Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 676.)

Applying that understanding of the "imposed" language to a situation in which the punishment for a prison prior enhancement was stricken, a court does not impose a sentence enhancement finding. Rather, it imposes punishment for a sentence enhancement. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125; *Espino, supra*, 104 Cal.App.5th at p. 204 (dis. opn. of Lie, J.), rev. granted.) Punishment cannot be stricken, unless it is first imposed. (See Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/strike, par. 4> [as of Feb. 18, 2025] archived at: <https://perma.cc/MR92-TPD5> [defining "strike" as "to delete something"]; Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/impose, par. 1.a> [as of Feb. 18, 2025] archived at:

2

<https://perma.cc/9DW6-JUF6> [defining "impose" as "to establish or apply by authority"].) Here, the original sentencing court struck only the punishment for the enhancement and did not strike the enhancement itself. So, even though Alvarado was not subjected to prison time or the threat of prison time as a result of the prior prison term enhancement finding, the sentence enhancement was imposed for purposes of section 1172.75 resentencing eligibility.

While the foregoing analysis is premised on the statute's plain language being unambiguous and on a certain ordinary meaning of the word imposed, I would be remiss not to recognize *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), and the *Espino* dissent. Both provide equally persuasive, supported, and well-reasoned argument for ascribing a different meaning to the word imposed, including cogent rationale that goes beyond the statutory language. (See *Rhodius*, at pp. 43–48, rev. granted; *Espino, supra*, 104 Cal.App.5th at pp. 202–204 (dis. opn. of Lie, J.), rev. granted.)

Among other matters, the *Espino* dissent highlights the divergent positions held by the judiciary regarding whether an enhancement for which punishment was stricken may have potential future adverse consequences, such as restricting a defendant's custody credits, and whether the Legislature intended section 1172.75 to neutralize any such potential collateral consequences. (Compare *Espino, supra*, 104 Cal.App.5th at p. 201, with *id*. at pp. 204–205 (dis. opn. of Lie, J.), rev. granted.) Relevant to those points, any defendant who previously served a term in prison will always have that prior prison term in their history. Thus, even if the finding and punishment for an enhancement based thereon is eliminated from a particular judgment, the

3

prior prison term has the potential for negatively impacting them in the future. (See, e.g., § 1170, subd. (b)(2) [court may impose sentence exceeding middle term of sentencing triad when "circumstances in aggravation" justify doing so]; *Chavez Zapeda v. Superior Court* (2023) 97 Cal.App.5th 65, 78 ["'circumstances in aggravation'" in § 1170, subd. (b)(2), includes factors listed in Cal. Rules of Court, rule 4.421]; Cal. Rules of Court, rule 4.421 [prior prison term served by defendant is an aggravating circumstance].)

Similarly, *Rhodius* brings to light the current fundamental disagreement among appellate courts regarding whether unexecuted punishment for a prison prior enhancement adds to a defendant's sentence, such that elimination of all aspects of the enhancement will "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1); see, e.g., *Espino, supra*, 104 Cal.App.5th at p. 197, rev. granted; *Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted; *Rhodius, supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) In this regard, the majority in this case reasons "[t]he removal of a previously imposed enhancement results in a lesser sentence as it eliminates the possibility the court could revive the enhancement and require the defendant to serve the additional sentence." I respectfully disagree this adds anything to the analysis. The majority relies, in part, on *People v. Garner* (2016) 244 Cal.App.4th 1113, which involved prison prior enhancements for which punishment was originally stricken, and a later resentencing which occurred years before the Legislature enacted section 1172.75, at a time when the one-year prison prior mandate was in full force. (*Garner*, at pp. 1115–1116; see also former § 667.5, subd. (b), amended by Stats. 2014, ch. 442, § 10.) That a trial court may impose punishment for an enhancement during a resentencing that takes place when such an

4

enhancement is still legally available and applicable, despite the original sentencing court's decision to strike such punishment, is consistent with the law. (See *People v. Padilla* (2022) 13 Cal.5th 152, 160–163 (*Padilla*) [new laws that mitigate punishment for offense generally are presumed to apply to cases not yet final, including when prior sentence is vacated for resentencing]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205–206 & fn. 4 (*Walker*) [except where barred by prohibition against ex post facto laws, trial court must apply law in effect at time of resentencing].)

Relevant here, roughly two years before the Legislature enacted section 1172.75, it amended section 667.5, subdivision (b), to narrow the availability of the one-year prison prior enhancement. (Stats. 2019, ch. 590, § 1.) The enhancement is now only available for prior prison terms for sexually violent offenses, which is the precise type of prison prior enhancement excluded from section 1172.75 resentencing eligibility. (§§ 667.5, subd. (b), 1172.75, subd. (a).) Accordingly, a court conducting a resentencing today could only "revive" a one-year prison prior enhancement for which punishment was previously stricken if the qualifying prior prison term was for a sexually violent offense. A court could not, now or in the future, impose punishment for a prison prior enhancement that the Legislature makes unavailable at the time of a resentencing hearing. (See *Padilla, supra*, 13 Cal.5th at pp. 160–163; *Walker, supra*, 67 Cal.App.5th at pp. 205–206 & fn. 4.)

Where, as here, the use of statutory construction tools leads to two reasonable interpretations of the statute which completely counterbalance one another, the inescapable conclusion is the statute is ambiguous in such a manner, and to such an extent, that its meaning cannot

5

be conclusively resolved by applying rules of statutory construction. Under these unique circumstances, the rule of lenity applies, and we must adopt the interpretation most favorable to Alvarado—that an imposed prison prior sentence enhancement triggers application of section 1172.75's resentencing process, even if the original sentencing court ultimately struck the punishment. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611 [rule of lenity applies "'''only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule"'''']; *Espino, supra,* 104 Cal.App.5th at p. 201, rev. granted [rule of lenity would apply if § 1172.75 interpretations were equally strong on both sides].)

Because Alvarado's judgment includes a prison prior sentence enhancement that was imposed prior to January 1, 2020, within the meaning of section 1172.75, I agree Alvarado is entitled to resentencing.


DELANEY, J.