Filed 6/4/25  P. v. Williams CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064661 |
| v. | (Super. Ct. No. RIF1303892) |
| BYRON LOWE WILLIAMS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge. Reversed and remanded with directions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alana Butler and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Byron Lowe Williams appeals the trial court's order denying his petition for recall and resentencing under Penal Code section 1172.75.[1] Williams contends the court erred in concluding he was not entitled to relief because his sentencing enhancements under former section 667.5, subdivision (b), were imposed but stayed, not executed. We agree with Williams and reverse and remand for resentencing.

## PROCEDURAL HISTORY

In 2015, Williams pled guilty to various felony offenses and admitted eight sentencing enhancements under former section 667.5, subdivision (b) (prison priors). The trial court sentenced Williams to a total term of 11 years in state prison. The court sentenced Williams to one year of prison on each of his eight prison prior enhancements but stayed each of the eight sentences.

In 2022, Williams filed a petition for recall and resentencing under sections 1172.7 and 1172.75. The hearing on the petition was continued for over a year, and on December 21, 2023, the trial court heard Williams's resentencing petition. After hearing oral argument, the court ultimately denied the petition, concluding Williams was ineligible for relief because his prison prior enhancements were stayed, not executed. The court reasoned since the sentences were stayed, Williams was not serving a term on the prison priors, as articulated in the statute. The court subsequently vacated the stayed sentences on Williams's eight prison prior enhancements and, instead, struck them. The amended abstract of judgment does not reflect any of the eight prison prior enhancements, nor the struck sentences. Williams timely appealed.

[1] All further statutory references are to the Penal Code.

2

The sole issue before us is whether section 1172.75 precludes relief to defendants whose judgments include a former section 667.5, subdivision (b), prison prior enhancement that was imposed but not executed.

We review this issue of statutory interpretation de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) When interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a), italics added.) "The Secretary of the Department of Corrections and Rehabilitation . . . [must] identify those persons in their custody currently serving a term for a *judgment* that includes [a prison prior] enhancement" and provide the individual's name and relevant information to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b), italics added.) "If the court determines that the current *judgment* includes

[a prison prior] enhancement . . . , the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c), italics added.) And the resentencing must result in a lesser sentence, unless the court finds it would endanger public safety. (§ 1172.75, subd. (d)(1).)

There is a split of authority on the issue, and we await resolution by our Supreme Court. In our own district, the divisions have disagreed on the issue. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 45, 48–49, [§ 1172.75 only applies to defendants with prison prior enhancements that were imposed and executed], review granted Feb. 21, 2024, S283169 (*Rhodius*), with *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [§ 1172.75 requires resentencing for a prison prior enhancement that was imposed but stayed], review granted Feb. 21, 2024, S283189 (*Christianson*).)[2]

Williams urges us to follow the *Christianson* court's reasoning and conclude he is entitled to resentencing even where his prison prior sentences were imposed but stayed. The Attorney General contends the *Rhodius* court correctly concluded that section 1172.75 resentencing is intended only for defendants serving a prison prior sentence, not for those whose prison prior sentences were stayed or stricken. The Attorney General argues the word "imposed" as used in section 1172.75 means imposed and executed. We agree with Williams and adopt the *Christianson* court's statutory interpretation of section 1172.75.

The *Rhodius* court concluded the word "imposed" in the context of section 1172.75 applies only to those enhancements that were imposed and

---

[2] We are aware there are a multitude of opinions issued by other appellate courts on this issue. Indeed, the number seems to grow daily. We limit our discussion to *Rhodius* and *Christianson* because we believe these cases adequately explain the reasoning supporting the different results.

executed. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 45, rev. granted.) The court relied on *People v. Gonzalez* (2008) 43 Cal.4th 1118. (*Rhodius*, at p. 43.) In *Gonzalez*, our Supreme Court interpreted the word "impose" in section 12022.53, subdivision (f)'s instruction that the trial court may not *impose* more than one firearm enhancement per person for each crime, as "shorthand for 'impose and then *execute*.'" (*Gonzalez*, at pp. 1126–1127.)

The *Christianson* court addressed the *Gonzalez* holding, "not[ing] that the *Gonzalez* court reached that conclusion, after acknowledging the potential ambiguity in the term, by construing the word in the context of the entire statutory scheme at issue before it, in sections 12022.5 and 12022.53. [Citation.]" (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev. granted.) The *Gonzalez* court's interpretation was also consistent with the Legislature's intent to impose the longest term of imprisonment, "because it allowed the trial court to impose *and execute* the enhancement with the longest associated additional term of imprisonment, but also impose *and stay* additional enhancements to ensure they could still be imposed in the event the enhancement with the longest term of imprisonment was somehow invalidated on appeal. [Citation.]" (*Christianson*, at p. 313.)

The court in *Christianson* noted the legislative intent behind section 1172.75 is "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement" (*Christianson*, at p. 314), and concluded "the Legislature intended to use the term 'impose' in the broader sense, to include [former] section 667.5, subdivision (b) enhancements that were both imposed and executed, and imposed and stayed" (*Christianson*, at p. 313).

The *Rhodius* court further reasoned that because section 1172.75, subdivision (d)(1), requires the resentencing to result in a lesser sentence,

5

this requirement "necessitates the conclusion that the repealed enhancement increased the length of the sentence." (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44, rev. granted.) And only an imposed and executed enhancement would increase the sentence. (*Id*. at p. 44.)

The court in *Christianson* also addressed section 1172.75, subdivision (d)(1)'s lesser-sentence-requirement. The court pointed out "the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. [Citation.]" (*Christianson, supra*, 97 Cal.App.5th at p. 312, rev. granted.) Similarly, a prison prior enhancement that was imposed but its punishment stricken could be later imposed and executed upon resentencing. (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1115 [trial court properly reimposed previously stricken prison prior enhancements at resentencing under the Three Strikes Reform Act of 2012].) Dismissal of a stayed or stricken prison prior punishment therefore provides relief to the defendant by eliminating that potential, thus fulfilling the Legislature's intent that resentencing "'shall result in a lesser sentence than the one originally imposed.'" (*Christianson,* at p. 310.) And if the Legislature had intended to limit section 1172.75 to only those individuals who were currently serving an additional term based on the enhancement, it had the ability to do so. (*Christianson,* at p. 313.)

The *Christianson* court noted the statute requires the state's Department of Corrections and Rehabilitation (CDCR) to identify the inmates serving a term for a *judgment* that includes a prison prior enhancement (§ 1172.75, subd. (b)) and requires the trial court to then review that judgment to verify it includes the prison prior enhancement (§ 1172.75, subd. (c)). (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311–312, rev. granted.) It does not require the CDCR or the court to further verify the enhancement

6

was imposed and executed. (*Id*. at p. 312.) Because a stayed or stricken enhancement remains part of the judgment, defendants whose judgments contain a now-invalid prison prior enhancement are eligible for section 1172.75 resentencing regardless of whether the enhancement's punishment was executed, stayed, or stricken. We do not draw a distinction in terms of the application of section 1172.75 between an executed sentence and a stayed or stricken sentence.

## DISPOSITION

The postjudgment order denying resentencing is reversed, and the matter is remanded to the trial court for resentencing under section 1172.75. After the resentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the CDCR.


O'LEARY, P. J.

WE CONCUR:


MOTOIKE, J.


SCOTT, J.


7